IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASBIR B. SINGH,<br><br>  Plaintiff,<br><br><br><br>vs.<br><br><br><br>PEPPERMILL CASINO,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING CASE<br><br><br><br><br><br>Case No. 2:04-CV-1169 TS |

Plaintiff, proceeding *pro se*, filed this Civil Rights Complaint pursuant to 28 U.S.C. §§ 1983, 1985.  Defendant Peppermill has now filed this Motion to Dismiss or, in the alternative, to strike Plaintiff's request for relief.  For the reasons set out fully below, the Court will grant Defendant's Motion and will dismiss this case.

I.  FACTUAL BACKGROUND

Plaintiff brings this action against Defendant Peppermill under Title III of the ADA.[1] Plaintiff's claim is based on his allegation that he was removed and permanently banned from the Peppermill Casino.[2] Plaintiff seeks $2 billion in damages for "abuse of 86."

I.  12(b)(6) STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[3]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[4]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6]

---

[1] Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.

[2] Plaintiff uses the phrase "86'd" which the Court interprets as meaning that Plaintiff was allegedly banned from Defendant's property.

[3] *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[4] *Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[5] *Id*. at 1110.

[6] *Id*.

III.  ANALYSIS

A.   PLAINTIFF'S ADA CLAIM

Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[7]

It is well established that Title III of the ADA does not provide for a private cause of action for damages.[8] Rather, the available remedies are only injunctive and preventative relief.[9] Since Plaintiff's claim for relief only seeks money damages, he has failed to state a claim for relief under Title III of the ADA. However, even if the Court were to construe Plaintiff's Complaint as seeking injunctive or preventative relief, his claim still fails.

In order to state a claim under Title III of the ADA, Plaintiff must show: (1) that he is disabled within the meaning of the ADA; (2) that Defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) that Defendant took adverse action against Plaintiff that was based upon Plaintiff's disability; and (4) that Defendant failed to make

---

[7] 42 U.S.C. § 12182(a).

[8] *See Powell v. Nat'l Bd. of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); *Woods v. Wills*, 400 F.Supp.2d 1145, 1163 (E.D. Mo. 2005); *Molski v. Mandarin Touch Restaurant*, 347 F.Supp. 2d 860, 862 (C.D. Cal. 2004); *Gregory v. Otac, Inc.*, 247 F.Supp.2d 764, 770 (D. Md. 2003); *Riggs v. CUNA Mutual Ins. Soc'y*, 171 F.Supp. 2d 1210, 1214 (D. Kan. 2001) aff'd 42 Fed.Appx. 334 (10th Cir. 2002); *Dahlberg v. Avis Rent A Car Sys., Inc.*, 92 F.Supp. 2d 1091, 1100 (D. Colo. 2000); *Howard v. Cherry Hills Cutters, Inc.*, 935 F.Supp. 1148, 1149 (D. Colo. 1996).

[9] 42 U.S.C. §§ 12188, 2000a-3(a).

reasonable modifications that would accommodate Plaintiff's disability without fundamentally altering the nature of the public accommodation.[10]

To qualify as disabled under the ADA, Plaintiff must show that he has a physical or mental impairment and that the impairment substantially limits a major life activity.[11] "Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity."[12]

Plaintiff's Complaint states that he is "mentally handicapped with ADA disability."[13] The Court finds this conclusory statement insufficient to show that Plaintiff is disabled under the ADA. In particular, Plaintiff has failed to plead sufficient facts for the Court to find that any disability which Plaintiff may have impairs a major life activity. Therefore, he has failed to state a claim under Title III of the ADA.

Alternatively, if Plaintiff can prove the first element under the test set out above, he cannot meet the third element. The third element required to establish a *prima facie* Title III claim requires Plaintiff to show that Defendant took adverse action against Plaintiff that was based upon Plaintiff's disability. Plaintiff's Complaint contains no allegation that any adverse action taken by Defendant was based on Plaintiff's disability. For these reasons, Plaintiff has failed to state a claim under Title III of the ADA.

---

[10] 42 U.S.C. § 12182(a) & (b). *See also Dahlberg*, 92 F.Supp. 2d at 1100 (D. Colo. 2000).

[11] *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 194–95 (2002).

[12] *Id*. at 195.

[13] Docket No. 3, at 4.

B. PLAINTIFF'S § 1985 CLAIM

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[14] "[H]owever, § 1985(3) does not 'apply to all tortious, conspiratorial interferences with the right of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[15]

Plaintiff's Complaint is completely devoid of any allegations of racial or class-based discriminatory animus and, therefore, fails to state a claim for relief under § 1985.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 12) is GRANTED.  It is further

ORDERED that Defendant's Motion to Strike (Docket No. 12) is MOOT.  It is further

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 16) is MOOT.

The clerk of the court is directed to close this case forthwith.

---

[14] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

[15] *Id*. (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).

DATED   February 7, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge